STATE OF NORTH CAROLINA v. ANNIE RAY ODOM

No. 8012SC289

(Filed 21 October 1980)

**Constitutional Law § 28; Criminal Law § 57– refusal to take paraffin test – reliance
on right to consult attorney – use of refusal to impeach defendant improper**

    In a prosecution for assault with a deadly weapon with intent to kill
inflicting serious bodily injury where defendant was advised that she had a
right to consult with her attorney and defendant relied on that assertion in
refusing to take a paraffin test to determine if there was gunpowder residue
on her hands, the State violated defendant's due process rights by introdu-
cing evidence from which the jury could reasonably infer that defendant's
refusal to submit to the test until she had consulted with her attorney
constituted a "statement" by defendant which was inconsistent with her
plea of not guilty, and such violation was prejudicial to defendant where it
improperly impeached her denial that she had shot the victim.

    Judge HEDRICK dissenting.

APPEAL by defendant from *Preston, Judge.* Judgment en-
tered 18 October 1979 in Superior Court, CUMBERLAND County.
Heard in the Court of Appeals 9 September 1980.

    Defendant was arrested without a warrant on the evening
of 16 March 1979 for the shooting of Robert Lee Moore. The
shooting occurred between 6:30 and 7:00 p.m. At 9:30 p.m., the
police arrived at defendant's home and began to question her
about the shooting. Defendant stated she knew about the fight
that had preceded the shooting, but knew nothing about the
shooting. Defendant told the police she was not going to say
anything else until she got in touch with her lawyer, although

at some point during the questioning she did sign a waiver of her *Miranda* rights.

After the preliminary questioning, defendant was taken to the Law Enforcement Center in Fayetteville. At her initial appearance, while standing before the magistrate, defendant was asked if she would submit to a gunshot residue test, otherwise known as a paraffin test. It was explained to defendant that the test would show whether there was any gunpowder residue on her hands. Defendant refused to take the test until she had spoken with her lawyer.

Subsequently, defendant was charged in a proper bill of indictment with assaulting Robert Moore "with a deadly weapon, to wit: a gun, with intent to kill the said Robert Moore, inflicting serious bodily injury" and was tried in superior court. The prosecution asked defendant on cross-examination whether she had refused to take the paraffin test. Defendant's counsel objected; but after an extensive voir dire, the State was allowed to question defendant concerning her refusal to submit to the gunshot residue test.

Defendant was found guilty of assault with a deadly weapon inflicting serious bodily injury and was sentenced to not less than five nor more than seven years in the Department of Correction for Women. Defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General John R.B. Matthis and Assistant Attorney General Acie L. Ward, for the State.*

*Seavy A. Carroll for defendant appellant.*

HILL, Judge.

Defendant first argues that it was a violation of her Fifth and Fourteenth Amendment rights to allow the State to question her and one other witness concerning her refusal to submit to the paraffin test. Defendant further argues that the trial court erred when it permitted the State to cross-examine her about a fight she had with State's witness Nancy Ezell the day prior to Robert Moore's shooting. After due consideration, we find both arguments to be without merit.

Although defendant has not raised the issue, we do find, however, that the State's solicitation at trial of evidence concerning defendant's refusal to submit to the paraffin test before consulting with her attorney violated her rights under the Fourteenth Amendment to the United States Constitution and under Article I, Section 19 of the North Carolina Constitution.

In the case *sub judice,* the State neither compelled defendant to submit to a non-testimonial identification proceeding nor introduced physical evidence of defendant's guilt. Rather, the State introduced evidence from which the jury could reasonably infer that defendant's refusal to submit to a paraffin test until she had consulted with her attorney constituted a "statement" by defendant, inconsistent with her plea of not guilty.

Defendant's refusal to submit to the test until she could speak with her attorney came only after the arresting officers told her that she had a right to consult an attorney. It would appear, therefore, that the defendant relied on the statements of the officers when she requested the opportunity to consult with retained counsel prior to submitting to the test. We find that it would be fundamentally unfair and a violation of defendant's federal and state constitutional rights to allow the State to use her request to consult with an attorney, made in reliance on the State's declaration of her right, as an implication of defendant's guilt.

We are persuaded, in reaching our decision, by the reasoning in *Doyle v. Ohio,* 426 U.S. 610, 49 L.Ed. 2d 91, 96 S.Ct. 2240 (1976), and in *State v. Lane,* 46 N.C. App. 501, 265 S.E. 2d 493 (1980). In each of those cases, defendant exercised his right to remain silent during custodial interrogation and did not give his explanation of exculpatory circumstances until his trial. The prosecution in each case argued that if defendant were not guilty he would have asserted his alibi defense prior to trial. The courts granted the defendants new trials and found that it would be "fundamentally unfair and a deprivation of due process" to allow the prosecution to use defendant's reliance on his right to remain silent to impeach defendant's assertion of innocence. *Doyle,* 426 U.S. at 618, 49 L.Ed. 2d at 98.

Ms. Odom, like the defendants in *Doyle* and *Lane,* merely exercised what she had been told, and believed to be, her right

to consult with an attorney when she refused to submit to the paraffin test. We are concerned by such a situation where the State tells the defendant upon arrest that she has a right to see her lawyer, the defendant justifiably relies on that assertion, and the State then uses defendant's reliance on her perceived right as an affirmative inference of guilt. We find that such practice violates defendant's due process rights under the United States and North Carolina Constitutions.

We further find the State's violation of defendant's due process rights to have been prejudicial.

A violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt. The burden is upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless.

G.S. 15A-1443(b). *Also see Chapman v. California,* 386 U.S. 18, 24, 17 L.Ed. 2d 705, 710-11, 87 S.Ct. 824; *reh. denied* 386 U.S. 987 (1967).

The State's evidence tends to show that defendant shot Robert Moore. The defendant took the stand and denied her guilt, but the credibility of the denial was lessened when the State pointed out that defendant refused to take a test that could have conclusively proven her innocence. This Court cannot find that the State has demonstrated beyond a reasonable doubt that the improper impeachment of defendant's denial was not prejudicial.

The case must be remanded for a new trial.

New Trial.

Judge WHICHARD concurs.

Judge HEDRICK dissents.

Judge HEDRICK dissenting:

I am unwilling to extend the principle enunciated in *Doyle v. Ohio,* 426 U.S. 610, 49 L.Ed. 2d 91, 96 S.Ct. 2240 (1976), to say that the trial judge committed error in allowing the State to introduce evidence concerning defendant's refusal to take a paraffin test because she did not have her lawyer present.

Assuming, arguendo, that any error was committed with reference to such evidence, I am satisfied that under the circumstances of this case, such error was harmless beyond a reasonable doubt. I would vote to hold that defendant had a fair trial free from prejudicial error.